UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY MADRID,                )  | 1:06-CV-0521 LJO JMD HC |
|            Petitioner,    ) | |
|       v.                        ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| KATHY MENDOZA-POWERS,  ) | |
|            Respondent.    ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Orange County Superior Court. (Answer at 1.)  A jury convicted him of second degree murder, attempted murder, and attempted robbery. (Id.)  The trial court sentenced Petitioner to an indeterminate life term. (Id.)

On August 17, 2004, Petitioner appeared before the California Board of Parole Hearings for a parole consideration hearing. The Board denied parole. (Answer at 1.)

Petitioner filed a petition for writ of habeas corpus in the Orange County Superior Court challenging the Board's denial of parole. The court denied the petition in a reasoned opinion. (Answer at 3; Ex. E.)

1    Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal.  The
2 court summarily denied the petition.  (Answer at 3; Ex. F.)
3    Petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  The
4 court summarily denied the petition.  (Answer at 3; Ex. G.)
5    On November 4, 2005, Petitioner filed the instant petition in the Central District of
6 California.  On May 1, 2006, the petition was transferred to this Court.  The petition raises the
7 following three grounds for relief: 1) the Board's failure to meet the "some evidence" standard
8 violated Petitioner's due process rights; 2) the Board's denial violated Petitioner's liberty interest in
9 parole; and 3) the Board's denial was not supported by some post-conviction evidence that Petitioner
10 remains a danger to society.
11    On June 5, 2007, Respondent filed an answer to the petition.
12    On July 16, 2007, Petitioner filed a traverse to the answer.

### FACTUAL BACKGROUND[1]

14    In the early morning hours of February 28, 1981, two vehicles, each with three passengers,
15 stopped to pick up a group of hitchhikers.  Petitioner, Frank Vasquez, and Nicholas Rodriguez were
16 in one vehicle.  Leonard Villa, Vincent Ocampo, and Ron Mura were in the second vehicle.  Both
17 groups had been drinking alcohol all day long.  The hitchhikers were named Hamlin, Moses, and
18 Reeves.  Moses got into the vehicle with Villa, while Hamlin and Reeves got into Petitioner's
19 vehicle.
20    After driving a short distance, the vehicles stopped and Petitioner and Villa began arguing
21 about whether they would continue to transport the hitchhikers.  Petitioner and Villa then began
22 fighting.  Petitioner stabbed Villa five or six times, including three times in the chest.
23    Petitioner's group and all three hitchhikers got into Petitioner's vehicle and drove away.
24 Mura and Ocampo helped Villa into his vehicle and eventually caught up to Petitioner.  Petitioner
25 pulled his vehicle to the side of the road.  Villa's vehicle sideswiped Petitioner's and continued on to
26 the hospital.  Villa recovered from the stab wounds.
27    Everybody exited Petitioner's vehicle except for one of the hitchhikers, Reeves, who was

---

[1] The facts are derived from the record of Petitioner's parole consideration hearing.  (Petition, Ex. A.)

passed out in the backseat.  The other two hitchhikers ran down the street.  Petitioner told Vasquez and Rodriguez to pull Reeves out of the vehicle so they could leave.  Vasquez and Rodriguez pulled Reeves out of the vehicle and began hitting and kicking him.  Petitioner also began kicking Reeves, then pulled out his knife and stabbed him six times, including three times in the chest.  Reeves died from the stab wounds.

**I.  Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  In addition, Petitioner is confined at Avenal State Prison, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).  Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II.  Legal Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of,

1  clearly established Federal law, as determined by the Supreme Court of the United States" or
2  "resulted in a decision that was based on an unreasonable determination of the facts in light of the
3  evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at
4  70-71; see Williams, 529 U.S. at 413.

5       As a threshold matter, this Court must "first decide what constitutes 'clearly established
6  Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71,
7  *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court
8  must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time
9  of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words,
10 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set
11 forth by the Supreme Court at the time the state court renders its decision." Id.

12      Finally, this Court must consider whether the state court's decision was "contrary to, or
13 involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72,
14 *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant
15 the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a
16 question of law or if the state court decides a case differently than [the] Court has on a set of
17 materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72.
18 "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state
19 court identifies the correct governing legal principle from [the] Court's decisions but unreasonably
20 applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

21      "[A] federal court may not issue the writ simply because the court concludes in its
22 independent judgment that the relevant state court decision applied clearly established federal law
23 erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A
24 federal habeas court making the "unreasonable application" inquiry should ask whether the state
25 court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

26      Petitioner has the burden of establishing that the decision of the state court is contrary to or
27 involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle,
28 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states,

Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

**III.  Review of Petitioner's Claims**

**A.  Grounds One, Two, and Three**

Petitioner argues that his due process rights were violated when the Board refused to grant him parole. Petitioner claims that there is no evidence supporting the Board's conclusion that he poses an unreasonable danger to society if released from prison.

This claim was presented in a petition for writ of habeas corpus to the Orange County Superior Court, which denied the petition in a reasoned opinion. (Answer, Ex. E.) The issue was then raised in petitions for writ of habeas corpus to the California Court of Appeal and California Supreme Court, which summarily denied the petitions. (Answer, Exs. F-G.) The Court of Appeal and California Supreme Court, by their "silent orders" denying the petitions, are presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In rejecting Petitioner's claim, the Superior Court found that there was some evidence supporting the Board's determination that Petitioner was unsuitable for parole based on his commitment offense, escalating pattern of criminal conduct, unstable social history, and psychological report. (Answer, Ex. E.)

"We analyze a due process claim in two steps. '[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'" Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1127 (9th Cir. 2006). California's parole scheme gives rise to a

cognizable liberty interest in release on parole.  Id. at 1127-28.  However, "because parole proceedings are not part of the criminal prosecution, the full panoply of rights due a defendant in a criminal proceeding is not constitutionally mandated.  Instead, the due process rights that flow from a liberty interest in parole are limited: the prisoner must be provided with notice of the hearing, an opportunity to be heard, and if parole is denied, a statement of the reasons for the denial.  In addition, due process requires that 'some evidence' support the [determination regarding parole], and that the evidence relied upon must possess 'some indicia of reliability.'  The 'some evidence' standard is satisfied if there is any reliable evidence in the record that could support the conclusion reached.  Finally, determining whether the 'some evidence' standard was met does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence."  Rosenkrantz v. Marshall, 444 F.Supp.2d 1063, 1079-80 (C.D. Cal. 2006) (citations omitted); see also Sass, 461 F.3d at 1128-29.

The state court's determination that Petitioner's rights were not violated was not unreasonable.  Petitioner was provided a parole consideration hearing in which he and his counsel took part. (Petition, Ex. A.)  The Board also stated the reasons for the denial of parole on the record at the hearing.  (Id. at 79-87.)

One reason given by the Board for denying parole was the nature of Petitioner's commitment offense.  The Board identified the fact that Petitioner inflicted multiple stab wounds on multiple victims, with no apparent motive, and that it was fortunate that only one of the victims died.  (Id. at 79-81.)  The Board further noted that "the victim who died was asleep and wasn't fighting or offering any resistance or anything." (Id. at 79.)  These findings were sufficient to establish one circumstance of Petitioner's unsuitability for parole, as they show that Petitioner committed the offense in an especially heinous, atrocious, or cruel manner, as defined in the parole guidelines.  See Cal. Code Regs., tit. 15, § 2402(c)(1) (stating that factors to be considered in determining whether offense was especially heinous, atrocious, or cruel include committing an offense in a manner demonstrating exceptionally callous disregard for human suffering or with a motive that is inexplicable or very trivial in relation to the offense).

The Board also cited, among other things, Petitioner's unstable social history and his escalating pattern of criminal conduct, which included theft, trespassing, a curfew violation, and disturbing the peace.  (Petition, Ex. A at 81-82.)  The Board further noted that Petitioner's psychological report stated that his potential for dangerousness was only "approaching average" if he completely refrained from using drugs or alcohol, which the report found to be a "very strong caveat."  (Id. at 40-41, 82-83.)  These facts were properly considered and had some indicia of reliability.  See Petition, Ex. A at 19-26, 37-41; Answer, Ex. B at 11-15; Ex. D at 1-2, 37-38; see also Cal. Code Regs., tit. 15, § 2402(b) ("All relevant, reliable information available to the panel shall be considered in determining suitability for parole."); Cal. Code Regs., tit. 15, § 2402(c) (stating that the enumerated unsuitability factors are only set forth as general guidelines).

The evidence taken as a whole is sufficient to show that it was not unreasonable for the state court to conclude that there was "some evidence" supporting the Board's determination that Petitioner posed an unreasonable risk of danger to society if released from prison.  See Cal. Code Regs., tit. 15, § 2402(b) ("Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability."); see Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1129 (9th Cir. 2006) (finding "some evidence" standard satisfied based on gravity of convicted offenses in combination with previous offenses).

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall

be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 11, 2008                  /s/ John M. Dixon                **
UNITED STATES MAGISTRATE JUDGE